**CAMPBELL et al. v. MEREDITH, Mayor, et al.**

Court of Appeals of Kentucky.

April 27, 1951.

Rehearing Denied June 22, 1951.

Smith § Leary, Joseph J. Leary, Frankfort, for appellant A. Campbell.

H. M. Sutton, Corbin, Joe S. Feather, Williamsburg, for appellees.

LATIMER, Justice.

Appellants instituted this action seeking a declaration of rights. In the early part of January 1950, pursuant to an election held for that purpose, Corbin, a city of the third class, undertook to operate under the city manager form of government. Prior thereto it had elected to adopt Civil Service under KRS 90.310 and for many years has been operating under that plan.

Soon after the change to the city manager form of government and before employment of city manager certain ordinances were passed, whereby the salary of the city clerk was reduced from $236.40 per month to $165 per month; the office of assistant clerk was abolished; and the offices of collector and treasurer were consolidated under the name of city collector-treasurer.

Appellants, believing their rights to have been violated by the passage of the ordinances, petitioned the court for a declaration of rights. Incidentally, they sought to restrain the mayor and city commissioners from interfering with their rights until the controversy could be resolved by the courts.

The court adjudged that the adoption of the city manager form of government did not destroy the Civil Service status of those persons who continued to function and discharge their duties under the city manager form of government, but held that the commissioners had the right to pass the ordinances as passed, so consequently dissolved the temporary restraining order theretofore granted.

The record discloses that the attorney, who instituted the action below for appellants, prosecuted the appeal in their behalf and filed briefs in the appeal but later withdrew from the case and also withdrew the briefs he had filed. Appellant, A. Campbell, obtained the services of another attorney who filed brief in his behalf. Nothing further was done by the other appellants. Thus, we have before us only the brief in behalf of A. Campbell. Since no other action was taken by the other appellants we naturally presume that their appeals have been abandoned. Consequently, we will concern ourselves only with the appeal of A. Campbell.

By answer below appellees alleged that A. Campbell, who was the city clerk of

Corbin, had been also the collector of the city of Corbin in direct contravention of law; that he had been paid the $236.40 a month as payment for the duties in the two offices; that the law requires the city to have a collector and a city clerk separate and apart; that Campbell has no vested right in the salary of $236.40; and that $165 a month is a fair and equitable salary for the position as city clerk.

Appellant sits squarely on KRS 90.380 which says: "The city legislative body shall fix by ordinance the number and classification of city employes, and the salaries for each classification. When the number of employes and their classification has been fixed by ordinance, no employe shall be dismissed, suspended or reduced in grade or pay for any reason except that set out in KRS 90.360."

The pertinent part of KRS 90.360 provides: "(1) No employe in the classified service of a city of the second or third class shall be dismissed, suspended or reduced in grade or pay for any reason except inefficiency, misconduct, insubordination or violation of law involving moral turpitude, or, in a city of the third class, violation of any rule adopted by the city legislative body or civil service commission."

In our consideration of this matter we must note first that appellant, Campbell, had been in the "classified service" of the city of Corbin for many years prior to the change to the city manager form of government. His duties and his salary had been fixed by ordinance. It is insisted that this Civil Service status can not be interfered with or destroyed for reasons other than those set forth in KRS 90.360, and that the ordinance reducing in pay the salary is in violation of the above statutes.

■ Obviously the court below was correct in adjudging that the change in the form of government of a city does not repeal the Civil Service statutes nor destroy the Civil Service status of employees.

■ No charges as provided under KRS 90.360 were preferred against Campbell.

Consequently, we are concerned here only with the question of reduction in pay. Generally, unless prohibited or restrained by law the salary or compensation of an employee of a municipal corporation may be increased or diminished during the term or period of employment. However, a number of states by legislative enactment have provided otherwise. The sections of the statute above express the legislative will on this question.

It is maintained by appellees that appellant, Campbell, has no vested right in the salary and that the reduction in pay here is a cause not personal to the employee but was done solely for reasons of economy.

To look only at appearances the section of the statute above seems to shackle the hand of the city and deprive it of the right and power to effect necessary economies. It is entirely unnecessary to enter into a discussion of the reasons which underlie legislation with respect to Civil Service. It sufficeth to call attention to the fact that the legislature, no doubt, realized that situations might arise necessitating actions prompted by reasons of economy. This is evidenced by KRS 90.-380(2) which provides that in the exercise of a reasonable discretion when in the judgment of the legislative body of the city that economic necessity requires it and when there is no longer a need for a particular office or position, same may be abolished. It will be noted that by one of the ordinances above one office was abolished.

■ We call attention to the fact that there is not the abolishment of an office here but merely the reduction in pay which is contrary to and violative of the sections of the statute above. We think those sections are not susceptible to a construction justifying a departure from the plain statements therein. We can readily conceive of situations arising which will require some steps toward economies but in the face of the specific provisions of the statutes above, we are powerless to do anything about it. This is a matter that addresses itself to legislative will.

We conclude therefore that the court erred in holding that the city had a right to and properly did pass the ordinance reducing the pay of appellant, Campbell.

The judgment is reversed for the entry of a judgment declaring the rights of Campbell consistent with this opinion.